IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTRAI TURONE ALEXANDER, TDCJ #2054329, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3520 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

State inmate Artrai Turone Alexander has filed a complaint under 42 U.S.C. § 1983, concerning the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). At the Court's request, Alexander has submitted a more definite statement of his claims [Doc. # 14]. The State Attorney General's Office has supplemented the pleadings further with a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987) (a "*Martinez* Report"), which includes administrative records [Docs. # 28, # 29, # 30]. Alexander has filed an affidavit in response to the special report [Doc. # 33], as well as a motion for appointment of counsel [Doc. # 32], and a motion for leave to file an amended complaint [Doc. # 34]. After reviewing all of the pleadings and submissions, the Court concludes that this case must be **dismissed** for reasons that follow.

I.  **BACKGROUND**

Alexander was admitted to TDCJ most recently on March 25, 2016,[1] and is currently confined at the Ferguson Unit in Midway, Texas. Alexander filed this lawsuit originally against TDCJ, alleging that he was denied food and adequate medical care in the form of medication for "chronic pain" and a mental health issue when he was placed in a "red-tagged cell" for approximately 12-14 hours on or about July 27, 2016.[2] Alexander, who reportedly suffers from pain in his neck, back, and legs as the result of an automobile accident that occurred in 2001 or 2002,[3] claims further that he asked a nurse practitioner for pain medication on July 27, 2016, but was told he needed to submit a "sick call" request to see a physician.[4] The Court construes these claims to arise under the Eighth Amendment, which prohibits conditions of confinement that are cruel and unusual.

Alexander has filed a motion for leave to amend the complaint, asserting that the following defendants are liable for the July 27, 2016 incident: TDCJ, Warden Rocky Moore, Assistant Warden Kevin Belt, Assistant Warden Lincoln Clark, and

---

[1] More Definite Statement [Doc. # 14], at 1. For purposes of identification, all page numbers refer to the pagination inserted by the Court's electronic filing system, CM/ECF.

[2] Complaint [Doc. # 1], at 3, 4; More Definite Statement [Doc. # 14], at 2.

[3] More Definite Statement [Doc. # 14], at 2.

[4] *Id.* at 2, 3.

other unidentified supervisory officers ("leutenants [sic], sergents [sic], captains, majors").[5] The Court will treat the motion for leave to amend as a proposed amended complaint or supplemental pleading. Alexander seeks compensatory damages in the amount of $150,000.00 and punitive damages in the amount of $35,000.00 from these defendants.[6]

## II. STANDARD OF REVIEW

Alexander filed this civil action while incarcerated and he has been granted leave to proceed *in forma pauperis*. Thus, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), § 1915(e)(2)(B).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation

---

[5] Motion to Amend Complaint [Doc. # 34], at 1.

[6] *Id.* at 2.

3

of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The Fifth Circuit has authorized the use of a *Martinez* Report to assist a district court in making a determination of frivolity. *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997).

Alexander proceeds *pro se* in this case. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, however, a plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a claim for which relief may be granted, "[a] complaint must be plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitaker v. Collier*, 862 F.3d 490, 497 (5th Cir. 2017) (internal quotation marks and citations omitted).

### III. **DISCUSSION**

As an initial matter, Alexander does not state an actionable claim against TDCJ because the Eleventh Amendment bars a suit for monetary damages under 42 U.S.C.

§ 1983 against a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002). The Eleventh Amendment also bars recovery of money damages under § 1983 from state employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Accordingly, the claims against TDCJ and all of the individual defendants in their official capacity as state employees must be dismissed.

Alexander also does not state an actionable claim against the officials listed in his amended complaint in their individual or personal capacity. It is evident that these individual defendants (Warden Rocky Moore, Assistant Warden Kevin Belt, Assistant Warden Lincoln Clark, and other unidentified lieutenants, sergeants, captains, and majors) are supervisory officials who did not have any personal involvement in the underlying claims concerning the incident that forms the basis of Alexander's complaint about the conditions of his confinement on July 27, 2016. Without overt personal participation in the complained of condition or action, liability is available only if the supervisory official implements a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (citations and internal quotation marks omitted); *see also Porter v. Epps*, 659 F.3d 440, 446 (5th Cir.

2011) ("A supervisory official may be held liable [under § 1983] . . . if . . . he implements unconstitutional policies that causally result in the constitutional injury"). None of Alexander's allegations implicate a particular policy or demonstrate the requisite causal connection between the supervisory officials that he identifies and the complained of conditions of confinement. Accordingly, Alexander fails to establish liability on the part of the supervisory officials who are named in the proposed amended complaint.

The Court has considered all of the pleadings and supplements filed by Alexander, including his proposed amended complaint, and concludes that his remaining allegations do not state a meritorious claim. In that regard, Alexander's claim that he was denied food for a period of 12 to 14 hours is insufficient to demonstrate a constitutional violation. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (holding that denial of dinner on eight occasions over a seven-month span failed to establish an Eighth Amendment violation).

Likewise, Alexander's allegation that a nurse practitioner told him to submit a sick call request to see a physician about his need for pain medication does not establish that he was denied care with the requisite deliberate indifference for purposes of stating a claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference under this standard, the

prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *See Farmer v. Brennan*, 511 U.S. 825, 827 (1994). The deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A showing of "mere negligence in failing to supply medical treatment" will not suffice. *See Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Medical records provided by the Attorney General's Office confirm that Alexander was seen by Nurse Practitioner Wanda Isbell in the clinic on July 27, 2016, for purposes of monitoring his blood pressure.[7] He was also seen by a mental health provider on that same day.[8] Alexander's treatment records reflect that he had several prescriptions from a physician at that time for hypertension and depression, but no prescription for pain medication.[9] There is no record showing that he complained of pain during these appointments or that he followed Nurse Isbell's instructions by submitting a sick call request to see a physician about his request for pain medication.

---

[7] Correctional Managed Care, Provider Chronic Clinic Note [Doc. #29-2], at 11- 13; [Doc. # 29-3], at 1-3 (Bates Stamp Nos. 121-26).

[8] Correctional Managed Care, Outpatient Mental Health Services [Doc. # 30-2], at 12; [Doc. # 30-3], at 1-2 (Bates Stamp Nos. 220-22)

[9] Correctional Managed Care, Provider Chronic Clinic Note [Doc. #29-2], at 11.

7

Because the medical records for the time period in question demonstrate that his concerns were not being ignored, Alexander's claim that he was denied medical treatment in violation of the Eighth Amendment is without merit. *See Varnardo v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991); *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990) (upholding the dismissal of a deliberate indifference to medical needs claim where medical records document that the prisoner was not denied medical attention).

Although Alexander's pleadings are difficult to decipher, the Court has reviewed them carefully and can discern no other allegation that rises to the level of a constitutional violation actionable under 42 U.S.C. § 1983. Accordingly, for all of the foregoing reasons, the case will be dismissed as legally frivolous.[10]

## IV. CONCLUSION AND ORDER

The Court **ORDERS** as follows:

1. This case is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

2. The dismissal will count as a strike under 28 U.S.C. § 1915(g).

---

[10] The Attorney General's Office asserts that Alexander did not exhaust administrative remedies as required by presenting his claims for consideration through TDCJ's two-step grievance process. *See Martinez* Report [Doc. # 28], at 4-5. Because the complaint fails for other reasons, the Court does not address this argument.

3. Artrai Alexander's motion for appointment of counsel [Doc. # 32] is **DENIED** and, to the extent that it is not moot, his motion for leave to file his amended complaint [Doc. # 34] is **GRANTED**.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order to the Manager of the Three-Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on November 28, 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE